IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

PATRICIA AUSTIN                                                                                    PLAINTIFF

V.                                                              CIVIL ACTION NO. 4:10CV129-A-V

MICHAEL J ASTRUE,
Commissioner, United States
Social Security Administration                                                          DEFENDANT

## ORDER

This cause is before the Court for consideration of the Magistrate judge's report and recommendation that the Commissioner's decision denying the application of the claimant for a period of disability, disability insurance benefits and supplemental security income be affirmed.

The claimant filed timely objections to the report and recommendation, in which plaintiff raised two points of alleged error. First, Austin contends the assigned magistrate failed to apply the appropriate legal standard for evaluating a severe impairment, thus calling into question her analysis regarding whether the "ALJ failed to properly consider limitations resulting from the [p]laintiff's carpal tunnel syndrome" and their effect on her residual functional capacity. Second, claimant urges that the magistrate erred in refusing to credit the additional evidence of plaintiff's limited cognitive ability as sufficient grounds for remand. The Court has conducted a thorough review of the record and finds as follows:

This Court reviews the Commissioner's/ALJ's decision only to determine whether it is supported by "substantial evidence" on the record as a whole and whether the proper legal standards were applied. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)).

Furthermore, in applying the substantial evidence standard, this Court scrutinizes the record to determine whether such evidence is present. This Court will not re-weigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Id.*, citing *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989); *see also Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001).

With the controlling legal standard in mind, the Court turns first to claimant's objection that the magistrate failed to apply the correct legal standard for evaluating a severe impairment. The Court rejects said argument. Although the report and recommendation may have omitted reference to *Stone v Heckler*, 752 F.2d 1099 (5th Cir. 1985), that failure was harmless. The magistrate accepted the ALJ's finding that carpal tunnel syndrome is a severe impairment for purposes of step two of the sequential disability analysis, the step to which the standard enunciated in Stone applies.

Instead, the magistrate's report focused on step five of the sequential analysis. In particular, the magistrate noted that the list of common symptoms associated with carpal tunnel syndrome were not relevant to the ALJ's determination of residual functional capacity because the medical record failed to demonstrate that the claimant actually experienced them. Moreover, the nerve conduction studies demonstrated that plaintiff suffered from only *mild* carpal tunnel syndrome; the physician's reports conflicted to a certain extent: Dr. Darrell Blaylock's April 16, 2007 records mentioned a 2/5 grip strength whereas Dr. Michael Price's June 7, 2007 records noted no significant wrist or hand pain and a grip strength of 5/5 in addition to the other findings highlighted in the report and recommendation. By contrast, the claimant testified at the hearing regarding her limitations with her grip and ability to handle objects. In the end, the magistrate judge determined that the claimant's testimony was not credible in light of the objective medical evidence. That determination is entitled

to deference. *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). The undersigned finds, as did the magistrate, that substantial evidence supports the ALJ's credibility determination.

Austin's second objection focused on the evidence related to her alleged limited cognitive ability as a basis for remand and further development by the Commissioner. As noted by the magistrate, the Appeals Council need consider additional evidence only when it is new, material and relates to the relevant time frame. 20 C.F.R. § 404.970(b). Even so, review of the case is warranted only if, considering all the evidence now in the record, the ALJ's decision is contrary to the weight of the evidence.

The Appeals Council reviewed the additional briefing and school records submitted on Austin's behalf but concluded that review of the ALJ's decision was not in order. After reviewing the evidence of claimant's intelligence test scores, the magistrate found that the scores and school records submitted by claimant's attorney failed to meet the requirements for acceptable evidence of IQ tests under the applicable regulations because the scores were neither based on the Wechsler Adult Intelligence Scale nor accompanied by narrative reports regarding the validity of the test results and notations as to developmental history and extent of functional limitations. Under the circumstances, the magistrate was correct in finding that the Appeals Council did not err in refusing to grant review of the ALJ's decision. Accordingly,

IT IS, THEREFORE, ORDERED AND ADJUDGED that

1. The claimant's objections to the Magistrate's report and recommendation should be, and hereby are, OVERRULED; and

2. the report and recommendation of the United States Magistrate Judge dated July 14, 2012, is approved and adopted, and the proposed findings of fact and conclusions of law therein

    set out are adopted as the findings of fact and conclusions of law of the court; and

3.    The Clerk shall forthwith **CLOSE** this case.

    SO ORDERED, this the 26th day of March, 2012.

                                                **/s/ Sharion Aycock**
                                                **U.S. DISTRICT JUDGE**